## WOODFOLK v. PRATT.

NOTE. *Payable in Confederate money, a merger of the original contract. Measure of damages.* Where a note payable in Confederate money is given in satisfaction of an account, the original contract is merged into the special obligation to pay in Confederate money, the same being valid, a recovery can be had only upon the note, and for the value of the Confederate notes, at the maturity of the debt.

Case cited: 4 Sneed, 231.

### FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Circuit Judge.

SMITH & GUILD for Woodfolk.

THOS. MALONE for Pratt.

FREEMAN, J., delivered the opinion of the Court.

Pratt sued Woodfolk on an account for a gin stand, alleged to be worth $480. The facts are, that in 1861 Pratt sold the gin stand to Woodfolk for $480, agreeing to take Confederate money for the same. Woodfolk soon after sent to Pratt his note for the amount, payable in Confederate money, which was received by him. Woodfolk refused or failed to pay the note, and as it was understood that the note could not be recovered on at the time this suit was brought, this action was brought on the original

account. Plaintiff recovered; defendant appealed in error to this Court.

Without discussing the questions at length presented in argument and in the record, it suffices to state the conclusions of the Court. Pratt, having accepted the note of Woodfolk in satisfaction of the account the contract being merged into this special obligation to pay in Confederate money, the same being valid, plaintiff is bound to sue on the note, and recover according to its terms. 4 Sneed, 231.

The amount he will be entitled to recover is the value of the Confederate notes at the time the note fell due. To hold otherwise would be to enable a party, who had received an obligation, voluntarily, for payment of price of an article sold, payable in a particular currency or a specific article, to abandon his contract and sue for the value of the thing sold, irrespective of his agreement. This would be to enforce, not the contract the parties have made and expressly assented to, but to substitute a legal liability growing out of the receipt of the article, and the promise implied by law to pay what it was worth for it. This can not be done in a case like this. His Honor, the Circuit Judge, held differently, and in so doing, we hold he erred, as the note given and accepted is a valid contract, and may be enforced in our Courts.

Reverse the case and remand for a new trial.